```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

In Re:                          :    Bankr. No. 92-52338-JS
JACOB FRAIDIN                   :    (Chapter 7)
                                :
*    *    *    *    *    *    * :
                                :
JACOB FRAIDIN                   :
                                :
v.                              :    Bankr. Adversary No. 97-5223
                                :    Civil Action No. WMN-07-0782
MICHAEL G. RINN                 :
```

## MEMORANDUM

Before the Court is an appeal of a decision of the United States Bankruptcy Court for the District of Maryland filed by pro se Debtor Jacob Fraidin.  Paper No. 5.  The appeal has been fully briefed and is now ripe for decision.  Upon review of the appellate briefs and the applicable case law, the Court finds that no hearing is necessary and that the decision of the bankruptcy court shall be affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Debtor filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Columbia on August 9, 1991.  The action was subsequently transferred to this district where the bankruptcy court appointed a Chapter 11 trustee.  See Fraidin v. Weitzman, No. 94-1658, 1994 WL 687306, at *2 (4th Cir. Dec. 9, 1994) (affirming an order of this Court approving the appointment of the trustee).  On April 11, 1995, the bankruptcy court converted this case to a case under Chapter 7 of the Bankruptcy Code and, on the following day, appointed a

Chapter 7 trustee. On April 9, 1997, Trustee Michael Rinn filed the instant complaint, seeking to avoid and recover fraudulent transfers, post-petition transfers, and the turnover of property. Bankr. Adversary No. 97-5223-JS, Paper No. 1.

Extensive controversy regarding Debtor's failure to participate in the discovery process led to Trustee's filing of four separate motions to compel, and the bankruptcy court's entry of an order requiring Debtor to provide written answers to certain discovery requests upon penalty of having judgment entered against him. Id., Paper No. 39. Debtor's refusal to comply with the court's order resulted in entry of default judgment. Id., Paper No. 42. This Court dismissed Debtor's appeal of the entry of default as untimely, based upon evidence of Debtor's bad faith, history of non-compliance with court orders, and inability to show cause for his month-long delay in filing the designation of items to be included on the record and the issues on appeal, as required by Bankruptcy Rule 8006. WMN-01-272, Mem. & Order of March 27, 1991. Debtor did not properly challenge that decision and the propriety of the bankruptcy court's default order is no longer appealable. Fraidin v. Rinn, 34 Fed. Appx. 932, 932-33 (4th Cir. 2002) (finding that "Fraidin did not timely appeal [the district court's] decision to [the Fourth Circuit]").

Following this Court's dismissal of Debtor's appeal, the

bankruptcy court held a hearing on Trustee's motion for damages at which Debtor was not present, and entered judgment against Debtor in the amount of $1,659,077.00, plus attorneys' fees and costs in the amount of $4,179.00, plus interest at the rate of 5.58% from April 9, 1997.  Bankr. Adversary No. 97-5223-JS, Paper No. 50.  This Court affirmed that judgment.  WMN-01-1602, Paper No. 6.  On May 22, 2002, the United States Court of Appeals for the Fourth Circuit vacated this Court's decision and remanded this case for further remand to the bankruptcy court with instructions to afford Debtor an opportunity to be heard prior to the determination of the amount of damages due.  Fraidin, 34 Fed. Appx. at 933.

Upon remand, on January 13-14, 2003, the bankruptcy court conducted a second hearing on damages at which Debtor was present and had the opportunity to present evidence and cross examine witnesses.  Following the hearing, the bankruptcy court ordered judgment against Debtor in the same amount: $1,659,077.00,[1] plus

---

[1] The Court notes a typographical error in the text of bankruptcy court's order granting judgment to the plaintiff, which refers to the award amount as "One Million, Six Hundred Fifty-Nine Dollars and seventy-seven cents."  Bankr. Adversary No. 97-05223-JS, Paper No. 71.  That this reference is an error is clear in light of the record, in which the bankruptcy court consistently calculates the damage amount to be $1,659,077, and in light of the fact that neither party has raised the damage amount as an issue on appeal.  See, e.g., Bankr. Adversary No. 97-05223-JS, Mem. Op. dated Sept. 30, 2003 (dividing the judgment amount into its four separate components, totaling approximately $1.65 million).

attorneys' fees and costs in the amount of $4,179.00, plus interest at the rate of 5.58% from April 9, 1997.  Bankr. Adversary No. 97-5223-JS, Order dated Sept. 30, 2003.  The propriety of the bankruptcy court's judgment is the subject of the instant appeal.[2]

## II. STANDARD OF LAW

Findings of fact made by the bankruptcy court "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  Fed. R. Bankr. P. 8013.  "A finding of fact is clearly erroneous only when the reviewing court is left with the definite and firm conviction that a mistake has been committed."  In re Broyles, 55 F.3d 980, 983 (4th Cir. 1995) (citations omitted).  Conclusions of law are reviewed de novo.  In re Bulldog Trucking, Inc., 147 F.3d 347, 351 (4th Cir. 1998).  An "abuse of discretion" occurs when the bankruptcy court relies on clearly erroneous findings of fact or employs an erroneous legal standard.  Westberry v. Gislaved, 178 F.3d 257, 261 (4th Cir. 1998).

---

[2] Pursuant to local bankruptcy rule 7055-1, on May 31, 2006, the parties were notified, that, because no legal activity had occurred in at least 6 months, the proceeding would be dismissed unless good cause could be shown in writing as to why dismissal should not be ordered.  Bankr. Adversary No. 97-5223-JS, Paper No. 81.  Trustee submitted a motion noting his continued attempts to pursue assets from which to collect the judgment, and the bankruptcy court determined not to order an entry of dismissal.  See Id., Papers No. 83, 85.  Debtor's notice of appeal was subsequently filed in this Court on March 15, 2007. WMN-07-782, Paper No. 1.

4

## III. DISCUSSION

In the instant appeal, Debtor raises seventeen separate issues, the majority of which concern the bankruptcy court's initial decision to enter default judgment in favor of Trustee. See Debtor's Br. 34-53. As stated above, this Court has previously affirmed that decision and Debtor failed to pursue an appeal to the Fourth Circuit. See WMN-01-272, Paper No. 7; Fraidin, 34 Fed. Appx. at 932-33. As such, the Court's inquiry here is limited to Debtor's arguments concerning the September 30, 2003 Order of the bankruptcy court awarding Debtor money damages and attorneys' fees.

With respect to that Order, Debtor raises several objections regarding the re-hearing on damages held on January 13-14, 2003. First, Debtor claims that the Trustee's counsel, Paul Sweeney, improperly interfered with duly issued subpoenas which Debtor had sent to Trustee and Trustee's paralegal, Cynthia Clausen. Debtor's Br. 51. Specifically, Debtor alleges that Mr. Sweeney falsified the certificate of service accompanying the motion objecting to the subpoenas. Debtor raised a similar objection before the bankruptcy court, which noted that the certificates of service signed by Mr. Sweeney for the subpoenas in question were inaccurate. App. R. 42-45  The court found, however, that those inaccuracies had little prejudicial effect and that the primary defect with respect to the subpoenas was that Debtor "had 67 days, from the date of the November 6, 2002, hearing to subpoena these witnesses, but did not do so [until] the very eve of the

5

January 13, 2003, hearing." Bankr. Adversary No. 97-5223-JS, Mem. dated Sept. 30, 2003 at 8. Further, the court found that any issues concerning the subpoena of Trustee were moot, as Trustee was present for both days of the hearing and was subject to direct and cross examination by Debtor. See App. R. 45. This Court finds that the bankruptcy court acted within its discretion in overruling Debtor's objections to the inaccuracies in Mr. Sweeney's certificates of service with respect to the subpoenas in question.

Second, Debtor contends that the bankruptcy court erred in curtailing both his direct and cross examinations of Trustee, thereby precluding Debtor from perfecting the record for appellate review. Debtor's Br. 51-52. Specifically, Debtor identifies a section of the record in which the bankruptcy court prevents Debtor from eliciting testimony from Trustee regarding whether Trustee had ever attempted to contact Debtor following the receipt of a letter which Debtor sent to Trustee concerning payments made to the estate. App. R. 85-95. In sustaining the objections of Trustee's counsel, the bankruptcy court noted that Debtor's questions were "all irrelevant to the question before the Court, which is damages at this point." Id. at 76. This Court finds that the bankruptcy court's ruling on the objection of Trustee's counsel was well within its discretion and further notes that Debtor had ample opportunity at the damages hearing to elicit relevant testimony with respect to payments made to Trustee over the course of the bankruptcy proceeding. See, e.g.,

6

App. R. 263-66 (direct testimony of Debtor relating to the amounts alleged paid to Trustee).

Third, Debtor contends that the bankruptcy court erred in preventing him from admitting into evidence "a detailed list of checks, amounts and dates that monies had been delivered to [Trustee's] office pursuant to his instructions."  Debtor's Br. 52.  The list referred to in Debtor's appellate brief was marked as Defendant's Exhibit Number 3 at the damages hearing and the bankruptcy court admitted it into evidence over the objection of Trustee's counsel on January 14, 2003.  App. R. 260.  Debtor's objection, therefore, is moot.

Fourth, Debtor contends that the bankruptcy court erred in limiting his direct examination of himself and in preventing him from delivering a closing argument.  Debtor's Br. 52.  Debtor offers no specific evidence as to any prejudice suffered as a result of the alleged curtailment of his testimony.  To the contrary, the record shows that Debtor had ample opportunity to present his arguments and evidence over the course of the two-day damages hearing, including presenting extensive opening argument and direct examination of himself and Trustee.  As such, this Court finds that Debtor's due process rights have been satisfied.  See Fraidin, 34 Fed. Appx. at 932-33 (finding that, where the bankruptcy court determines that a hearing on damages is necessary, the parties must be provided with an opportunity to be heard).

Finally, Debtor contends that the bankruptcy court erred in

requiring that he be sworn in prior to delivery of his opening statement and prior to taking the stand as a witness on his own behalf.  Debtor's Br. 53.  Upon review of the record, this Court notes that Debtor was not required to present his opening argument under oath.  App. R. 129-150.  Additionally, Debtor did not object to testifying under oath when conducting the direct examination of himself.  App. R. 255.  Debtor objected to testifying under oath only on cross examination, when asked about the filing status of his past tax returns.  See App. R. 282-84.  Prior to instructing Debtor to respond, the bankruptcy court properly advised Debtor of his constitutional right against self-incrimination.  Id.  Debtor acknowledged those rights and continued to offer testimony.  Id.  This Court finds, therefore, that Debtor has failed to present any evidence that the bankruptcy court erred or abused its discretion with respect to its decisions concerning Debtor's testimony or his presentation of an opening statement.[3]

**IV.  CONCLUSION**

For these reasons, the decision of the bankruptcy court will be affirmed.  A separate order consistent with the reasoning of

---

[3] In affirming the decision below, this Court also notes that substantial evidence on the record fully supports the bankruptcy court's findings with respect to the amount of damages awarded.  Trustee testified to the basis of the four separate components which constituted the damages amount and the personal representative of the estate of Debtor's mother confirmed Trustee's testimony with respect to funds distributed by the estate to Debtor for which the Debtor had never accounted.  See Bankr. Adversary No. 97-05223-JS, Mem. Op. dated Sept. 30, 2003 at 9-11.

this Memorandum will follow.

                                                                                  _____/s/_____

                                                    William M. Nickerson
                                                    Senior United States District Judge

Dated: July 25, 2007